# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

NO. 26-1648 (L) & No. 26-1694
(1:25-CV-00075-JPJ-PMS)

COURTHOUSE NEWS SERVICE; LEE ENTERPRISES, INCORPORATED; LEE BHM, LLC, Publisher of the Richmond Times-Dispatch, The Roanoke Times, Bristol Herald Courier, Lynchburg News and Advance, Fredericksburg Freelance Star and The Daily Progress

> Plaintiffs - Appellees

v.

EDWARD JEWETT, in his official capacity as Clerk of the Circuit Court for the City of Richmond, Virginia; BRENDA HAMILTON, in her official capacity as Clerk of the Circuit Court for the City of Roanoke, Virginia; KELLY FLANNAGAN, in her official capacity as Clerk of the Circuit Court for the City of Bristol, Virginia

> Defendants - Appellants

and

KARL R. HADE, in his official capacity as Executive Secretary of the Office of Executive Secretary of the Supreme Court of Virginia

> Defendant - Appellant

---

## APPELLEES' MOTION TO EXPEDITE

---

DABNEY J. CARR, IV
LAUREN H. MILLER
TROUTMAN PEPPER LOCKE LLP
Post Office Box 1122
Richmond, Virginia 23218
(804) 697-1238

*Counsel for Appellees*

ROGER MYERS
RACHEL MATTO-BOEHM
BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111
(415) 675-3400

*Counsel for Appellees*

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ...........................................................................................1

BACKGROUND ...........................................................................................2

ARGUMENT .............................................................................................11

A.    Expedited Treatment Would Mitigate the Ongoing First Amendment Harms Caused by the Automatic Stay During this Appeal ....................... 12

B.    This Appeal Satisfies the Elements for Expedition under Local Rule 12(c) and the Parties Can Quickly Brief an Issue Just Presented Below ............. 16

CONCLUSION ...........................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Antrican v. Odom,*
 290 F.3d 178 (4th Cir. 2002) ................................................................. 9

*Boone v. City of Suffolk,*
 79 F. Supp. 2d 603 (E.D. Va. 1999) ..................................................... 14

*In re Charlotte Observer,*
 921 F.2d 47 (4th Cir. 1990) ........................................................... 12, 13

*City of Martinsville v. Express Scripts, Inc.,*
 128 F.4th 265 (4th Cir. 2025) .............................................................. 11

*Coinbase, Inc. v. Bielski,*
 599 U.S. 736 (2023) .............................................................................. 15

*Connecticut Mag. v. Moraghan,*
 676 F. Supp. 38 (D. Conn. 1987) ......................................................... 13

*Courthouse News Serv. v. Gilmer,*
 48 F.4th 908 (8th Cir. 2022) ................................................................. 9

*Courthouse News Serv. v. Hade,*
 580 F. Supp. 3d 289 (E.D. Va. 2022) ......................................... *passim*

*Courthouse News Serv. v. Hade,*
 631 F. Supp. 3d 349 (E.D. Va. 2022) ................................................... 5

*Courthouse News Serv. v. Schaefer,*
 2 F.4th 318 (4th Cir. 2021) ................................................................. 13

*Courthouse News Serv. v. Smith,*
 126 F.4th 899 (4th Cir. 2025) ............................................................... 6

*Coopers & Lybrand v. Livesay,*
 437 U.S. 463 (1978) .............................................................................. 17

*Cox Broad. Corp. v. Cohn*,
    420 U.S. 469 (1975) ............................................................... 14

*Doe v. Pub. Citizen*,
    749 F.3d 246 (4th Cir. 2014) ............................................... 2, 13, 14

*Elrod v. Burns*,
    427 U.S. 347 (1976) ................................................................. 2

*In re Express-News Corp.*,
    695 F.2d 807 (5th Cir. 1982) ..................................................... 13

*Globe Newspaper Co. v. Superior Court*,
    457 U.S. 596 (1982) ............................................................... 13

*Fannin v. CSX Transp.*,
    873 F.2d 1438, 1989 WL 42583 (4th Cir. 1989) ......................... 17

*Journal Publ'g Co. v. Mechem*,
    801 F.2d 1233 (10th Cir. 1986) ................................................. 13

*Mohawk Indus. v. Carpenter*,
    558 U.S. 100 (2009) ............................................................... 15

*In re Murphy-Brown, LLC*,
    907 F.3d 788 (4th Cir. 2018) ............................................... 12, 14

*Neb. Press Ass'n v. Stuart*,
    427 U.S. 539 (1976) ............................................................... 12

*Overbey v. Mayor of Baltimore*,
    930 F.3d 215 (4th Cir. 2019) ............................................... *passim*

*Soderberg v. Carrion*,
    999 F.3d 962 (4th Cir. 2021) ............................................... 5, 6, 13

*Sun Coast Res., Inc. v. Conrad*,
    956 F.3d 335 (5th Cir. 2020) ..................................................... 16

*United States v. Philip Morris Inc.*,
    314 F.3d 612 (D.C. Cir. 2003) ................................................... 15

*Virginia v. Am. Booksellers Ass'n,*
484 U.S. 383 (1988) ................................................................ 10

*In re Wall Street Journal,*
601 F. App'x 215 (4th Cir. 2015) ................................... 2, 13, 14

*Whole Woman's Health v. Jackson,*
595 U.S. 30 (2021) ................................................................ 9, 10

*Ex parte Young,*
209 U.S. 123 (1908) ..................................................... 5, 9, 10, 16

**Statutes**

28 U.S.C. § 1657(a) ................................................................ 2, 11

Va. Code § 17.1-293(E) ................................................................. 3

Va. Code § 17.1-293(H) ............................................................. 4, 9

**Other Authorities**

Fed. R. App. P. 34(a) ................................................................... 16

Fed. R. Civil Proc. 12(b) ............................................................... 4

Fourth Cir. Local Rule 12(c) .............................................. 2, 11, 16

Fourth Cir. Local Rule 27(a) ................................................... 2, 17

# INTRODUCTION

These consolidated interlocutory appeals, brought under the collateral order doctrine from the district court's denial of Defendants-Appellants' motions to dismiss on sovereign immunity grounds in this First Amendment prior restraint case, rest on the same flawed Eleventh Amendment theory rejected *twice* by two different Virginia district courts. Despite their lack of merit, the appeals automatically stayed the district court proceedings as a matter of law, delaying adjudication of the prior restraint, along with the declaratory and injunctive relief necessary to remedy the ongoing First Amendment harms to newsgathering.

Plaintiffs-Appellees Courthouse News Service ("CNS"), Lee Enterprises, Incorporated, and Lee BHM LLC (collectively "Lee" and with CNS, "Appellees"), recognize the law mandates a stay while denial of sovereign immunity is on appeal.[1] But to minimize the harms the restraint on speech continues to have on CNS' and Lee's First Amendment "right to gather news" from those restrained, *Overbey v. Mayor of Baltimore*, 930 F.3d 215, 227 (4th Cir. 2019) – by "'imped[ing] the ability of the press generally, and [CNS and Lee] specifically, to

---

[1] Defendants Edward Jewett, Brenda Hamilton, and Kelly Flannagan, in their official capacities as Clerks of the Circuit Courts for the Cities of Richmond, Roanoke, Bristol, respectively, are the Appellants in Appeal No. 26-1648 (the "Appellant Clerks"). Defendant Karl Hade, in his official capacity as the Executive Secretary of the Office of the Executive Secretary of the Supreme Court of Virginia, is the Appellant in Appeal No. 26-1694 ("Appellant Hade"). The appeals were consolidated by order of this Court dated June 2, 2026.

fully carry out the important role the press plays in informing the public about government actions,'" *id.* at 230 – CNS and Lee respectfully move, pursuant to 28 U.S.C. § 1657(a) and Local Rule 12(c), to expedite briefing and any oral argument. *See, e.g., In re Wall Street Journal*, 601 F. App'x 215, 217-18 (4th Cir. 2015) (granting expedited consideration of order that "impaired" media's right "to gather news" and "receive speech from willing speakers" about ongoing litigation).

It is black letter law that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). This Court has thus held cases threatening First Amendment rights should be addressed "as expeditiously as possible." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). Expedited treatment is also appropriate because the appeal involves a single issue the parties just briefed below and the record is limited. Accordingly, CNS and Lee respectfully request that the Court expedite this appeal and order the following briefing schedule:

Opening Briefs & Appendix: July 31, 2026
Response Brief: August 21, 2026
Reply Briefs: September 4, 2026

CNS and Lee also request any oral argument be set as soon thereafter as possible.

In accordance with Local Rule 27(a), counsel for all parties were notified of this motion. Appellants' counsel said they do not consent but did not indicate whether they intend to file a response in opposition.

## BACKGROUND

Appellees CNS and Lee are media entities that regularly report on new civil lawsuits filed in Virginia's Circuit Courts. Complaint, ¶¶ 18-19, 29-31, 38-39, 45-51 ("Comp.") (attached as Exh. A). But coverage is often impossible when new lawsuits are filed in Circuit Courts far from where CNS' and Lee's reporters are based. *Id*. ¶¶ 39, 45-51, 69-73. Even where the court is in the same county or city, traffic and limited court hours mean a reporter often cannot get to the courthouse in time to report on important new lawsuits in a timely manner. *Id*. ¶¶ 62, 66-85.

At least 112 of Virginia's 120 Circuit Courts make civil complaints available online through Virginia's Online Court Remote Access system ("OCRA"), which the Office of the Office of the Executive Secretary of the Virginia Supreme Court ("OES") created and controls. Comp., ¶¶ 20, 53, 56 & 64. These complaints and other civil filings on OCRA are ***nonconfidential*** and are the same public records available at the courthouse. *Id.* ¶¶ 63, 66. But journalists cannot use OCRA to report on civil litigation because of two restrictions in the Virginia Code that Appellants enforce through their policies, practices and customs: the "Access Restriction," *id.* ¶ 4, and the "Dissemination Restriction." *Id*.

The Access Restriction limits OCRA access to "officers of the court" – attorneys and government agencies. Va. Code § 17.1-293(E)(7). The Dissemination Restriction prohibits those with access from "post[ing] on any

website" or "redistribut[ing] to any third party" any information in non-confidential court records obtained from OCRA.  Va. Code § 17.1-293(H).  The statute allows attorneys to include content from OCRA "in products or services provided to a third party," but only if that information "is ***not made available to the general public***."  *Id.*[2]  In short, OCRA prohibits attorneys from providing any information in any court records obtained from OCRA to members of the media so they can inform the public.  And it authorizes court clerks, "in [their] discretion," to "deny" OCRA access "to ensure compliance with these provisions."  *Id.*

In 2021, CNS sought declaratory and injunctive relief against both restrictions in the Eastern District of Virginia.  The complaint contained three counts: a First Amendment challenge to the Access Restriction, a First Amendment challenge to the Dissemination Restriction, and an Equal Protection claim.  Both defendants – Karl Hade, Executive Secretary of the Office of the Executive Secretary of the Virginia Supreme Court ("OES"), and Prince William County's Circuit Court Clerk – moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), and Hade moved to dismiss on sovereign immunity grounds under Rule 12(b)(1). The court denied the motions in their entirety as to the First Amendment claims, including Hade's Rule 12(b)(1) motion on sovereign immunity grounds

---

[2] Unless otherwise noted, emphases in ***bold italics*** are added, those only in *italics* were in the original, and citations for quotations within quotations are deleted.

4

because the complaint adequately alleged facts showing Hade fit within the exception to sovereign immunity created by *Ex parte Young*, 209 U.S. 123 (1908). *Courthouse News Serv. v. Hade*, 580 F. Supp. 3d 289 (E.D. Va. 2022) ("*Hade I*").[3]

CNS later dismissed Hade without prejudice, and the Commonwealth of Virginia intervened. In September 2022, the district court granted summary judgment for defendants on both restrictions after declining to apply strict scrutiny because OCRA did not completely ban CNS from accessing and reporting on court records – on the ground CNS could, theoretically, get the records at courthouses around the Commonwealth – and found both satisfied the intermediate scrutiny applicable to time, place and manner restrictions. *Courthouse News Serv. v. Hade*, 631 F. Supp. 3d 349 (E.D. Va. 2022) ("*Hade II*"). The district court did not mention or address *Soderberg v. Carrion*, 999 F.3d 962 (4th Cir. 2021), which reversed another district court's application of intermediate time, place and manner scrutiny to dismiss a lawsuit challenging a ban on airing recordings of criminal proceedings because "it does not limit other means of disseminating the same information." *Id.* at 966, 969 (district court "erred in refusing to apply strict scrutiny on the premise … that [Supreme Court cases] demand such scrutiny only where there is an absolute prohibition on the publication of information").

---

[3] The Equal Protection claim was dismissed on grounds unrelated to sovereign immunity.

On appeal, a divided panel of this Court affirmed as to the Access Restriction, but reversed as to the Dissemination Restriction for lack of standing – and did not reach the merits of that claim – because CNS had not identified a potential speaker willing who would provide it information from OCRA but for the Dissemination Restriction.[4]  Because the district court lacked jurisdiction, the panel remanded the Dissemination Restriction claim to be dismissed **without** prejudice. *Courthouse News Serv. v. Smith*, 126 F.4th 899, 916-17 (4th Cir. 2025), *rehearing and rehearing en banc denied*, 2025 WL 1218982 (4th Cir. Apr. 28, 2025).

The only member of the panel to reach the merits of the Dissemination Restriction "would hold [it] is a prior restraint on speech and is, therefore, subject to strict scrutiny" under *Soderberg* and the Supreme Court authority it cited.  *Id.* at 925 (Gregory, Circuit Judge, dissenting).

In December 2025, CNS, now joined by Lee, filed the current lawsuit challenging the Dissemination Restriction.  Their Complaint addressed the standing issue identified in *Smith* through specific allegations of numerous occasions in which an OCRA subscriber – an attorney who has represented Lee (but not CNS) on other First Amendment issues –  repeatedly told Lee's and CNS' journalists, both before and after the ruling in *Smith*, that he was willing to give

---

[4] The reason for that was not because a willing speaker did not exist, but because CNS challenged the Access Restriction as part of its effort to subscribe to OCRA, in which case the Dissemination Restriction would have barred its own speech.

them information about newly filed civil complaints and other nonconfidential court records to which he had access via OCRA, but that he could not do so because of the Dissemination Restriction.  Comp. ¶¶ 11-12, 43, 77-85.

The current Complaint again named Hade as a defendant in his official capacity of Executive Secretary of OES, along with Edward Jewett, Brenda Hamilton and Kelly Flannagan, in their official capacities as Clerks of the Circuit Courts for the Cities of Richmond, Roanoke and Bristol, respectively.  All are courts where the Dissemination Restriction prevented the OCRA subscriber from providing CNS' and Lee's reporters with any information about newsworthy new civil lawsuits.  *Id.* ¶¶ 43, 49, 77, 79, 83-85.  As a result, CNS and Lee were unable to report on these new filings in a timely manner because the courthouse was too remote to get a physical copy, they learned about the filing too close to deadline, or a reporter was otherwise unable to get to the courthouse to retrieve a copy.  *Id.*

In February 2026, all Appellants moved to dismiss on numerous grounds including Eleventh Amendment immunity.  Although they did not acknowledge it (and, indeed, did not even mention the ruling in *Hade I* that rejected this theory), Appellants' sovereign immunity arguments rested largely on the same theory – purported lack of enforcement authority over the Dissemination Restriction – that Hade lost on his failed motion to dismiss in *Hade I*.  On May 5, 2026, the Western District of Virginia denied all motions to dismiss in their entirety, including on

sovereign immunity grounds. (Doc. 73) ("MTD Order") (attached as Exh. B).

As the district court noted, Hade "previously raised the same argument" in the first case, which that court rejected, and which the court below also rejected, because "'even accepting Defendant Hade's argument that he does not have unilateral control over court records inside of OCRA'" – because the clerks also have authority over them – the Complaint "'adequately alleged that he maintains a special relation to the challenged policy and has acted or threatened to enforce it.'" MTD Order 8 (quoting *Hade I*, 580 F. Supp. 3d at 295) (further quotation omitted).

Among other things, CNS and Lee not only allege that Hade, as Executive Secretary of OES, is "the administrator of the Virginia circuit court system," but also that "OES 'created, provides, supports and maintains OCRA for Virginia court clerks,'" and that it "requires circuit court clerks [to] include the Dissemination Restriction in OCRA subscription agreements." *Id.* (quoting Comp., ¶ 20).[5]

The district court reached the same conclusion with respect to Appellant Clerks. As it explained, the "Complaint contains several factual allegations that plausibly establish the defendant clerks' enforcement authority," including that they "are charged with the maintenance and dissemination of nonconfidential court records, … that [they] are authorized to make such records available for viewing

---

[5] The Complaint also alleges clerks told CNS that "rules made by the Executive Secretary" controlled their use of OCRA, and likened OES' software for OCRA to "the Wizard of Oz" because "[i]t controls everything." Comp., Exh. 6 at 3, 9.

… both in person and online," and that they "'may deny secure remote access to ensure compliance' with the Virginia Code," including the Dissemination Restriction. *Id.* 9-10 (quoting Comp. ¶ 57) (quoting Va. Code § 17.1-293(H)).

In fact, the Complaint alleges that all three Clerks require subscribers to sign an agreement as a prerequisite to accessing OCRA, Comp., ¶¶ 58-59, the Terms and Conditions of which include, in identical language, an even stricter version of the Dissemination Restriction than is contained in Va. Code § 17.1-293(H):

> Subscriber shall not permit any data accessed by secure remote access to be sold or posted on any other Internet website or in any way redistributed to any third party, and the clerk reserves the discretion to deny secure remote access to ensure compliance with this provision.

*Id.,* Exh. 3, ¶ 8(e), Exhs. 4 & 5, ¶ 6(e).

The court also rejected Appellant Clerks' theory that their discretion to deny OCRA access removed them from *Ex parte Young*. MTD Order 10. As the court said, Clerks do not have discretion to enforce the Dissemination Restriction if, as alleged, it is "a violation of federal law." *Id.* (citing *Antrican v. Odom*, 290 F.3d 178, 191 (4th Cir. 2002)). And the court recognized that their discretion to enforce the Dissemination Restriction distinguished this case from one they cited, *Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021), which found "the *Ex parte Young* exception generally does not apply to court clerks" precisely "because they are not normally charged with enforcing state laws." MTD Order 10 (citing *Jackson*, 595 U.S. at 40). The Eighth Circuit reached the same conclusion in *Courthouse News*

9

*Serv. v. Gilmer*, 48 F.4th 908, 912 (8th Cir. 2022) (rejecting the same argument because "this lawsuit is about 'enjoin[ing] named defendants from taking specified unlawful actions'") (quoting *Jackson*, 595 U.S. at 44).

With respect to Appellants' argument that they have not "acted or threatened to enforce the restriction," the district court also found that CNS and Lee "'have alleged an actual and well-founded fear that the law will be enforced against them' given that [the OCRA subscriber] has informed them on several occasions that he is prohibited from disseminating the information he obtains through OCRA" to them. MTD Order 8-10 (quoting *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 393 (1988), and citing *Overbey*, 930 F.3d at 228).

In short, the Western District's rejection of Appellants' motion to dismiss was consistent with the Eastern District's conclusion that officials with authority to apply OCRA's restrictions fall well within *Ex parte Young*'s "expansive exception to sovereign immunity where state officers may be sued in their official capacity when the plaintiff is only seeking prospective injunctive relief to remedy the enforcement of an unconstitutional statute." *Hade I*, 580 F. Supp. 3d at 294. [6]

These now-consolidated interlocutory appeals followed.

---

[6] The district court also found CNS and Lee had "plausibly alleged that the Dissemination Restriction constitutes a prior restraint on speech." MTD Order 15. After noticing this appeal, the Clerks moved to certify that ruling and one other for interlocutory appeal. CNS and Lee opposed the motion, which remains pending.

## ARGUMENT

Pursuant to Local Rule 12(c), "[t]he Court on its own motion or on motion of the parties may expedite an appeal for briefing and oral argument."[7]  Indeed, federal law provides that a court "shall expedite the consideration of" any civil action "if good cause therefor is shown."  28 U.S.C. § 1657(a).  Under that statute, "'good cause' is shown if a right under the Constitution of the United States … would be maintained in a factual context that indicates that a request for expedited consideration has merit."  *Id.*

Good cause clearly exists here.  This appeal triggered an automatic stay of district court proceedings, *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 269 (4th Cir. 2025), which delays a ruling on the constitutionality of the prior restraint the Dissemination Restriction currently imposes on OCRA subscribers, an ongoing harm to CNS' and Lee's First Amendment-protected right to gather news from those subscribers.  Appellants will not be prejudiced by expedited treatment because their consolidated appeals – from the denial of motions to dismiss – arise on a limited record and present a single narrow issue twice decided against them that the parties recently briefed and argued below.  Oral argument should not be necessary and, if it is, the parties can be ready quickly to present it.

---

[7] Local Rule 12(c) further provides that a motion to expedite should "state clearly the reasons supporting expedition, the ability of the parties to present the appeal on the existing record, and the need for oral argument."

**A.** **Expedited Treatment Would Mitigate the Ongoing First Amendment Harms Caused by the Automatic Stay During this Appeal**

Good cause for expedited review clearly exists given the First Amendment interests in this case. The district court found CNS and Lee plausibly alleged facts showing "the Dissemination Restriction constitutes a prior restraint on speech … prohibiting the dissemination of certain information to the public," MTD Order 15, and "'prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights.'" *In re Charlotte Observer*, 921 F.2d 47, 49 (4th Cir. 1990) (quoting *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976)). The Dissemination Restriction is therefore unconstitutional unless it survives strict scrutiny. *In re Murphy-Brown, LLC*, 907 F.3d 788, 796-97 (4th Cir. 2018); MTD Order 15. But the automatic stay imposed by this appeal prevents all discovery about and application of that scrutiny at summary judgment or trial.

The prior restraint in this case is not imposed directly on the media but on their sources of information – OCRA subscribers – about pending litigation. The Dissemination Restriction thus "infringe[s] [CNS' and Lee's] First Amendment rights … to gather, disseminate and read about newsworthy information," Comp. ¶ 62; *see id*. ¶¶ 61-90, by preventing subscribers from providing CNS and Lee public information from nonconfidential records on OCRA. *Id.* ¶¶ 11-12 & 77-85.

This restraint on OCRA subscribers "interfere[s] with [CNS' and Lee's] right to receive newsworthy information from willing speakers,'" *Overbey*, 930 F.3d at

12

228-29, and therefore must survive constitutional scrutiny.  *Wall Street Journal*, 601 F. App'x at 217; *see Soderberg*, 999 F.3d at 968 n.3; *see also, e.g., Connecticut Mag. v. Moraghan*, 676 F. Supp. 38, 42 (D. Conn. 1987) ("prohibiting extrajudicial comments by counsel constitutes a prior restraint on the right to gather news and derivatively on publication") (citing *Journal Publ'g Co. v. Mechem*, 801 F.2d 1233, 1236 (10th Cir. 1986); *In re Express-News Corp.*, 695 F.2d 807, 808-09 (5th Cir. 1982) (any "inhibition of press news-gathering rights must be necessitated 'by a compelling governmental interest, and ... narrowly tailored to serve that interest'") (quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982)).

This Circuit has recognized that the "public's interest in monitoring the work of the courts is subverted when a court delays making a determination'" about restraints on information available to the press concerning ongoing litigation.  *Doe*, 749 F.3d at 272-73; *see Overbey*, 930 F.3d at 227.  That "'damage can be particularly great when [a] prior restraint," like the Dissemination Restriction, "'falls upon the communication of news and commentary on current events,'" such as "'reports of public judicial proceedings.'"  *Charlotte Observer*, 921 F.2d at 49.

As *Doe* and *Charlotte Observer* illustrate, it is not only CNS' and Lee's First Amendment rights that are harmed by delay in adjudicating the merits caused by the stay.  "'[T]he press serves ... to bring to bear the beneficial effects of public scrutiny upon the administration of justice.'"  *Courthouse News Serv. v. Schaefer*, 2

F.4th 318, 326 n.5 (4th Cir. 2021) (quoting *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 492 (1975)).  "In a society in which each individual has but limited time and resources with which to observe at first hand the operations of his government, he relies necessarily upon the press to bring to him in convenient form the facts of those operations."  *Cox Broad.*, 420 U.S. at 491-92.  "Because the public benefits attendant with open proceedings are compromised by delayed disclosure," courts should "act … as expeditiously as possible" where restrictions on information about ongoing cases are at issue.  *Doe*, 749 F.3d at 272-73 ("'Each passing day may constitute a separate and cognizable infringement of the First Amendment.'").

This Court has therefore expedited appeals in similar cases where the media's ability to gather and report news about judicial proceedings was impaired by a prior restraint on counsel and/or other participants.  *Murphy-Brown*, 907 F.3d at 793 (granting expedited review of a mandamus petition challenging under the First Amendment a gag order on participants in a series of lawsuits attracting significant publicity); *Wall Street Journal*, 601 Fed. App'x at 217 (granting expedited consideration of media's petition for writ of mandamus to vacate gag and sealing orders in criminal case under the First Amendment).[8]

---

[8] *See also Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 610 (E.D. Va. 1999) (unsealing settlement agreement under, *inter alia*, the First Amendment right of access, staying unsealing to allow appeal and directing the appeal be expedited).

It should also do so here, not least because the constitutionality of the Dissemination Restriction has been pending for nearly five years. CNS first challenged this Restriction in its Amended Complaint filed in the first *Hade* action in September 2021. The restriction was initially upheld in a different context in that case, but that ruling was vacated by the appellate panel, the majority of which did not address its merits. Now that Appellants' motions to dismiss have been denied, CNS and Lee wish to proceed to discovery – including on, among other topics, whether there are "less restrictive means" to protect the privacy and security interests Appellants have invoked to justify the Dissemination Restriction than preventing attorneys from telling the press any information in public court records obtained from OCRA – but are blocked from doing so due to the automatic stay imposed by Appellants' Eleventh Amendment appeals. Expediting the briefing and any oral argument would, at the very least, mitigate the ongoing harm to First Amendment rights of the press and public that is a byproduct of the automatic stay. *See, e.g., Coinbase, Inc. v. Bielski*, 599 U.S. 736, 745 (2023) (expediting interlocutory appeal can "prevent [harm from] unwarranted delay" caused by automatic stay); *United States v. Philip Morris Inc*., 314 F.3d 612, 622 (D.C. Cir. 2003) ("delay … occasioned by almost all interlocutory appeals" can "be minimized by our expedition in hearing [defendant's] appeal").[9]

---

[9] Abrogated on other grounds, *Mohawk Indus. v. Carpenter*, 558 U.S. 100 (2009).

**B.      This Appeal Satisfies the Elements for Expedition under Local Rule 12(c) and the Parties Can Quickly Brief an Issue Just Presented Below**

Appellants will not be prejudiced, and the Court will not be unduly burdened, by an accelerated schedule.  These consolidated appeals involve a single narrow legal issue of whether the district court erred in concluding the *Ex parte Young* exception to sovereign immunity applies to the Appellants in this case.  Aside from the transcript, which has been ordered, all parties have the record, which is limited to the Complaint, the briefing on Appellants' motions to dismiss, and the district court's order.  All parties also recently researched and briefed the sole issue on appeal.  Given the authoritative precedent on the dispositive issue in this appeal, which can be adequately addressed in the briefs, oral argument should not be necessary.  Fed. R. App. P. 34(a)(2); *Sun Coast Res., Inc. v. Conrad*, 956 F.3d 335, 341 (5th Cir. 2020) (oral argument unnecessary under Rule 34(a)(2) "where the case for affirmance is so clear").  Even if warranted, oral argument should not take much preparation since the motions were just argued on April 10.

Appellees thus respectfully request that the Court expedite this appeal and order Appellants to file their Opening Briefs and the Appendix by July 31, 2026, Appellees to file their Response Briefs three weeks later, August 21, 2026, and Appellants to file any Reply Briefs two weeks after that, September 4, 2026.

If the Court determines oral argument is required, CNS and Lee request the Court schedule argument for as soon as possible after the completion of briefing.

16

Pursuant to Local Rule 27(a), counsel for all parties were notified about this motion. Appellants' counsel said they do not consent because they do not have the transcript.[10] The Transcript Order Acknowledgement sets an August 10 deadline (Doc. 14-1), but, on June 1, Appellant Hade's counsel requested a transcript within two weeks (Doc. 84), and Appellees have also requested an expedited transcript.

## CONCLUSION

For the foregoing reasons, Appellees CNS and Lee respectfully request that the Court expedite this appeal, adopt the proposed briefing schedule, and schedule any oral argument for as soon after the completion of briefing as is practicable.

Dated: June 29, 2026

BRYAN CAVE
LEIGHTON PAISNER LLP

By: */s/ Roger Myers*
Roger Myers
Rachel Matteo-Boehm
3 Embarcadero Center, 7th Floor
San Francisco, California 94111
Tel: (415) 675-3400
roger.myers@bclplaw.com
rachel.matteo-boehm@bclplaw.com

TROUTMAN PEPPER
LOCKE LLP

By: */s/ Dabney J. Carr IV*
Dabney J. Carr IV
Lauren H. Miller
P.O. Box 1122
Richmond, Virginia 23218
Tel: (804) 697-1238
dabney.carr@troutman.com
lauren.h.miller@troutman.com

*Counsel for Plaintiffs-Appellants Courthouse News Service,*
*Lee Enterprises, Incorporated, and Lee BHM LLC*

---

[10] Appellant Clerks' Counsel also cited their pending motion to certify a discretionary interlocutory appeal on two other issues, an "extraordinary remedy" only granted when Appellants carry their burden of establishing "'exceptional circumstances.'" *Fannin v. CSX Transp.*, 873 F.2d 1438, 1989 WL 42583, *2 (4th Cir. 1989) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).