# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

NO. 26-1648 (L) & No. 26-1694
(1:25-CV-00075-JPJ-PMS)

COURTHOUSE NEWS SERVICE; LEE ENTERPRISES, INCORPORATED; et al.

Plaintiffs – Appellees

v.

EDWARD JEWETT, et al.

Defendants – Appellants

and

KARL R. HADE,

Defendant – Appellant

---

## HADE'S OPPOSITION TO APPELLEES' MOTION TO EXPEDITE

---

JAY JONES
  *Attorney General*

TRAVIS G. HILL
  *Chief Deputy Attorney General*

Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 371-0977 – Telephone
(804) 371-2087 – Facsimile

July 2, 2026

GRETCHEN E. NYGAARD
  *Deputy Attorney General*

JACQUELINE C. HEDBLOM
  *Senior Assistant Attorney General/Trial Section Chief*

ERIN R. MCNEILL (#78816)
JOHN D. GILBODY (#42788)
  *Senior Assistant Attorneys General*

  *Counsel for Hade*

## I. INTRODUCTION

The Motion to Expedite filed by Courthouse News Service ("CNS"), Lee Enterprises, Incorporated, and Lee BHM LLC (collectively "Lee" and with CNS, "Appellees") should be denied. Appellant Hade has not received the transcript for the district court proceeding and may not receive it by the time his initial brief is due under Appellees' proposed schedule. The potential prejudice to Hade is both clear and unnecessary.

Appellees are not harmed by a standard appellate schedule. Their claimed "right to gather news" is unimpaired, because as held by this Court in *Courthouse News Serv. v. Smith*, the "Dissemination Restriction does not impose any restraint on Courthouse News's speech." 126 F.4th 899, 917 (4th Cir. 2025). At best they are suffering an indirect injury because they are hindered in their "ability to acquire electronic court records from attorneys with OCRA access" but they can obtain the exact same records in person at the courthouse while the appeal is pending. *Id.*

Secondly, the parties have already largely completed discovery relevant to the present litigation during the pendency of the previous case on this topic. Thus, Appellees are not harmed by a stay preventing them from engaging in discovery.

Third, the trial court granted the Clerk Defendants' motion for a discretionary interlocutory appeal with a stay merely moments prior to the filing of this Response. Thus, the interlocutory appeal must also be resolved before the underlying case may move forward.

Finally, even if Appellees prevail in their present lawsuit, there is no right to remote access to court records. In order to safeguard the privacy of litigants, circuit court clerks can constitutionally choose to discontinue access for everyone. Thus there is no guarantee that Appellees will be able to exploit the dissemination loophole to gain OCRA access by proxy and solve their problem of affordable, round-the-clock access to court records in remote jurisdictions.

## II. BACKGROUND

CNS filed suit against Karl Hade and Jacqueline Smith in the Eastern District of Virginia, Richmond Division on July 15, 2021, asserting claims under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. *Courthouse News Serv. v. Hade*, 580 F. Supp. 3d 289, 291 (E.D. Va. 2022). Hade moved to dismiss those claims pursuant to sovereign immunity under Rule 12(b)(1), which motion was denied. *Id.* at 292.

The parties then engaged in discovery and agreed upon a joint stipulation of facts (the "JSF"), that was included as an exhibit to the Complaint in this matter. ECF No. 1-3. Notably, after the stipulation of facts was agreed upon, CNS voluntarily dismissed Karl Hade from that lawsuit. The Commonwealth of Virginia then intervened to defend the statute. *Hade*, 631 F. Supp. 3d at 355. The district court subsequently granted summary judgment in favor of Jacqueline Smith and the Commonwealth. *Id.* at 370. An appeal to this Court followed. *Smith*, 126 F.4th at 899.

On January 22, 2025, a divided panel of this Court affirmed in part, vacated in part, and remanded with instructions to dismiss the Dissemination Restriction claim without prejudice because CNS lacked standing. *Id.* at 918. Applying intermediate scrutiny, this Court found that the "Access Restriction" – limiting OCRA access to attorneys and government employees – was "not substantially broader than necessary to achieve the government's legitimate interests." *Id.* at 914 (cleaned up). Judge Gregory dissented, characterizing the Dissemination Restriction as a prior restraint on speech. *Id.* at 925. CNS subsequently petitioned for rehearing or rehearing en banc relying heavily upon Judge Gregory's dissent. *Courthouse News Serv. v. Smith*, 2025 U.S. App. LEXIS 10123 (2025). On April 28, 2025, ten judges of this Court voted to deny CNS's

petition for rehearing and four judges voted to grant it. *Courthouse News Serv. v. Smith*, 2025 U.S. App. LEXIS 10123 (2025).

On December 9, 2025, Appellees filed a Complaint against Hade and others in the United States District Court for the Western District of Virginia, Abingdon Division. In their Complaint, the Appellees seek to enjoin the enforcement of the Dissemination restriction and a declaration that Virginia Code § 17.1-293(H) is unconstitutional, both facially and as-applied. ECF No. 1, 31-32. Notably, the Appellees specifically include in their prayer for relief that the court find "Defendants' policies and practices of conditioning OCRA access on the Dissemination Restriction" unconstitutional. *Id*. at 32.

Hade and the named circuit court clerks filed motions to dismiss in response to the Appellees Complaint. As relevant for the current question before this Court, Hade responded in part that:

> Plaintiff cannot show that Defendant Karl Hade has "acted or threatened" to enforce any policies related to OCRA access. The statute at issue provides a single method of enforcement – denying future OCRA access. Va. Code § 17.1-293(H) (granting the clerk "his discretion" authority to "deny secure remote access to ensure compliance with these provisions). And only circuit court clerks determine who may receive access.

ECF 40 at 9-10. Hade further cited language from the JSF which states:

> If a clerk determines that a subscriber is authorized to have access to OCRA, pursuant to and in compliance with applicable law, then that subscriber will be provided access to OCRA. OES does not in any way evaluate or screen potential subscribers once the clerk determines they are authorized. OES receives the name and email addresses of subscribers but does not receive other information and does not know if a subscriber is a licensed attorney.

*Id.* at 10; ECF No. 1-2 ¶ 41.

4

In response to Hade's motion to dismiss, Appellees sidestepped the issue of the enforcement of the Dissemination Restriction. Appellees characterized the implementation of the Access Restriction – which was found to be constitutional by this Court – as enforcement of the Dissemination Restriction. ECF No. 48, 6.

On April 10, 2026, the district court heard oral argument on the defendants' respective motion to dismiss. On May 5, 2026, the district court issued its opinion denying all pending motions, including Hade's motion to dismiss. ECF No. 73, 16. The district court's opinion addressed numerous issues, and the section analyzing whether Hade was entitled to sovereign immunity states, in relevant part:

> In this suit, the Complaint alleges that OES "created, provides, supports and maintains OCRA for Virginia court clerks," requires circuit court clerks include the Dissemination Restriction in OCRA subscription agreements, and that - as the Executive Secretary of OES - defendant Hade is the administrator of the Virginia circuit court system. Compl., 20, Dkt. No. 1. These facts plausibly allege that defendant Hade has a special relation to the Dissemination Restriction. With respect to whether defendant Hade has acted or threatened to enforce the restriction, I find that the plaintiffs "have alleged an actual and well-founded fear that the law will be enforced against them" given that Mr. Lacy has informed [Appellees] on several occasions that he is prohibited from disseminating the information he obtains through OCRA.

ECF No. 73, 8. Hade's position is that this analysis did not sufficiently address the additional facts discovered since Judge Hudson denied Hade's motion in the first case and did not adequately distinguish OES's role in providing access to OCRA as the provider of the software infrastructure clerks use, from OES's role in revoking access to enforce the Dissemination Restriction, which is none whatsoever.

After the Court's ruling, Hade timely filed a Notice of Appeal on May 19, 2026, ECF No. 75, and that Notice was transmitted to this Court the next day, ECF No. 79. Forty days after the

Notice of Appeal was received by this Court, on June 29, 2026, counsel for Appellees sent an email to counsel for the defendants indicating that Appellees intended to file a motion to expedite this appeal and asking if the defendants would consent to the proposed schedule. Shortly thereafter, counsel for Hade responded that because the transcript of the hearing has not yet been received, Hade objected to setting an expedited briefing schedule. Appellee's counsel did not respond and filed the Motion to Expedite later that afternoon.

### III. ARGUMENT

#### A. Appellant Hade will be prejudiced by the Appellees' proposed briefing schedule.

At the heart of Appellees' motion is a putative urgency that is at odds with Appellees' actions leading up to this lawsuit and the uncertainty that a favorable ruling would result in access to OCRA's digital court records. This Court previously upheld, in part, summary judgment in favor of the Commonwealth and found that CNS lacked standing to challenge the "Dissemination Restriction" in January 2025. *Courthouse News Serv. v. Smith*, 126 F.4th 899, 917 (4th Cir. 2025). CNS then joined with Lee and filed this action in the Western District of Virginia, Abingdon Division on December 9, 2025, nearly a year after *Smith* was decided.

Appellees waited forty days after Hade filed his Notice of Appeal to file their Motion to Expedite and then filed it on the eve of a national holiday. Their stated reason for the motion is ongoing constitutional harm, but that, of course, assumes that they are correct and will prevail. Likewise, while Appellees bemoan the length of time this case and its predecessor have taken, they have not previously moved to expedite any proceedings. And they waited over ten months after *Smith* was decided and over seven months after rehearing was denied to bring this case.

Consistent with Local Rules 10(c), 11(a) and 11(b) and the "Guidelines for Preparation of Appellate Transcripts in the Fourth Circuit," this Court's clerk's office has set a deadline of

August 10, 2026, for completing the transcripts of the April 10, 2026, hearing. Those Guidelines also contain procedures for obtaining expedited transcripts that Hade did not employ because he had no way of knowing Appellees would file this motion to expedite a case on a claim that has been in litigation since 2021.

Appellees proposed briefing schedule would require that Hade's initial brief be provided without the benefit of the transcript, but Appellees would have the transcript before their response is due. This hardly seems equitable. Nor should Hade be required to spend taxpayer money to pay for an expedited transcript without a genuine need for an expedited schedule. .

    **B. Appellees claimed "right to gather news" is at odds with this Court's decision in *Smith*.**

Appellees claim that "[g]ood cause exists" to grant the motion to expedite because of the "ongoing harm to CNS' and Lee's First Amendment-protected right to gather news from those subscribers." Doc. 25-1 at 11. Yet this Court has already ruled that CNS has no right to OCRA access. *Smith,* 126 F.4th at 916. There is no right to obtain access by proxy if there is no right to obtain OCRA access directly.

Importantly, this Court specifically held that CNS had "an alternative avenue for accessing . . . Circuit Court records, namely, the public access terminals at the courthouse where the press and the public can view and print all the same records that are available on OCRA." *Id.* There is no need to obtain records from an OCRA subscriber when CNS can obtain the records directly at the courthouse. Appellees do not claim they don't have access to circuit court records; they claim they cannot afford the staff to go to the courthouse and access them. ECF No. 1, ¶¶ 45-47. This case is not about obtaining access but obtaining access in a way that remains profitable after "the growth of digital and social media outlets cannibalized the audience and advertising." ECF No. 1, ¶ 45.

This Court held that the "Dissemination Restriction does not impose any restrain on Courthouse News' speech." *Id.* at 917. At best, Appellants assert only a "derivative injury" because they cannot receive speech from a willing speaker. *Id.* Importantly, the injury derives from lack of access to a speaker willing to work nights and weekends when the courthouse is closed and more affordably than hiring a reporter to cover that jurisdiction. ECF No. 1, ¶¶ 45, 49, 62, 76-85. Appellees concede the same information that is available on OCRA is available at the courthouse during business hours. ECF No. 1, ¶¶ 44, 49. The Appellees' ongoing harm is to their potential profit margin, not their right of access to court records.

### C. Karl Hade did not cause the delay in determining the constitutionality of the Dissemination Restriction.

As their second point, Appellees lament that "the constitutionality of the Dissemination Restriction has been pending for nearly five years," Doc. 25-1 at 15, and they "wish to proceed to discovery—including on, among other topics, whether there are 'less restrictive means' to protect privacy and security interests Appellants have invoked to justify the Dissemination Restriction." *Id.* Yet in the previous litigation between CNS and Hade, CNS raised the same argument that there were less restrictive means to protect litigants' private information than the Access and Dissemination Restrictions. *Smith*, 126 F.4th at 915. The parties engaged in discovery then made cross-motions for summary judgment. Upon review, this Court found that "the Commonwealth's evidence shows it has actually tried and considered less restrictive alternatives and found them inadequate to serve its interest." *Id.* (cleaned up).

Furthermore, Appellees appended the Joint Stipulations of Fact that resulted from the discovery process in *Smith* to their Complaint, as Exhibit 2. ECF No. 1-3.[1] These stipulations

---

[1] At the time the Stipulations of Fact were submitted to the trial court, the case was styled *Courthouse News Service v. Hade*. Hade was voluntarily dismissed as a defendant by CNS

along with briefing, evidence submitted to the trial court, and oral argument were sufficient to submit the same claims CNS is making in the case at bar to the trial court in *Smith* on cross motions for summary judgment. *Hade*, 631 F. Supp. 3d at 356. Appellees even moved the trial court in the case at bar to take judicial notice of documents and a deposition transcript from previous litigation. *See* ECF No. 50. Thus, the current Appellees are well aware of the previous discovery exchanged during prior litigation on the same issues that are relevant here. There is no urgent need to repeat their unsuccessful inquiry to find an alternative, constitutional way to safeguard the personal information of litigants while facilitating the efficient administration of justice.

The JSF, submitted in support of the cross motions for summary judgment and appended as an exhibit to the complaint and Virginia law further demonstrate that Hade has no "special relationship" with the enforcement of the Dissemination Restriction. According to the JSF, circuit court clerks control the servers upon which OCRA are stored (JSF ¶ 36), OES does not evaluate potential subscribers (*id.* ¶ 41), and OES does not know if applicants are licensed attorneys (*id.*). The Office of the Executive Secretary ("OES"), of which Hade is the Executive Secretary, "has no authority" to object if a Virginia circuit court clerk provides OCRA access to CNS. *Courthouse News Service v. Smith*, No. 3:21-21-00460, ECF No. 71 at ¶ 25. The statute at issue, Virginia Code § 17.1-293(H) provides that "the clerk, in his discretion, may deny secure remote access to ensure compliance with these provisions." There is no Virginia statute that empowers the OES to enforce any requirement of Virginia Code § 17.1-293.

---

before the cross-motions for summary judgment were submitted. Then the Commonwealth of Virginia intervened to defend the constitutionality of the statute. *Courthouse News Service v. Hade*, 631 F. Supp. 3d 349, 355 (E.D. Va. 2022).

Since Hade, as the head of the OES, has "no authority" to object if a circuit court clerk grants CNS access to OCRA, Hade certainly cannot enforce the Dissemination Restriction. Indeed, CNS voluntarily dismissed Hade from that previous lawsuit because he has no authority over OCRA access. *Id.* ¶ 25, n. 1.

**D. Appellees misstate the likely implications of a final ruling in their favor.**

Finally, Appellees misstate the effect of a ruling adverse to the Appellants. It is undisputed that Appellees "do[] not claim a freestanding First Amendment right of online access to court records." *Smith*, 126 F.4th at 908. Thus, clerks are not required to provide secure remote access to court records to anyone. If they offer this service, however, they must do so in compliance with Code §17.1-293, which requires redaction of certain information that is particularly vulnerable to identity fraud as enumerated in Code § 17.1-393(B)(i)-(vi). No redactions are required if the database of court records is available only to "members in good standing with the Virginia State Bar" and other qualified persons not relevant to the instant litigation. Code § 17.1-393(E)(7).

If the Appellees prevail and the OCRA database is able to be distributed to the public by any licensed Virginia lawyer, clerks may determine that such access is no longer "secure" within the meaning of Code § 17.1-393(E)(7) and thus the redaction requirement of Code § 17.1-393(B) is required. *See Smith,* 126 F.4th at 912 for a discussion of how limiting access to the downloadable, digital court records on OCRA to licensed Virginia attorneys serves the important state interest of protecting sensitive personal information from data mining. If the digital records were no longer limited to just attorneys but were instead available to be shared with CNS and posted on their CasePortal website, the records would be as publicly available as if the clerk shared them directly, potentially triggering the redaction requirement. As observed by this Court

in its opinion in *Smith*, the Commonwealth produced adequate evidence that complying with the redaction requirement "would cost substantial additional funds and time." *Smith*, 126 F.4th at 915.

Clerks genuinely concerned with the public policy animating Code § 17.1-393 may choose to simply discontinue OCRA access for everyone, rather than incur the cost of redaction or a cavalier approach toward protecting litigants' sensitive information from data mining. There is no guarantee that if Appellees prevail in their suit that they would gain OCRA access. Instead, they may win a Pyrrhic victory in which OCRA access is no longer available in the Commonwealth to anyone, anywhere.

## IV. CONCLUSION

The Motion to Expedite should be denied. The Appellees have offered little rationale to support granting the motion and the potential prejudice is clear.

Respectfully submitted,

Jay C. Jones

*Attorney General of Virginia*

KARL R. HADE

By Counsel:

     /s/ Erin R. McNeill
Erin R. McNeill (VSB# 78816)*
John D. Gilbody (VSB# 42788)
Senior Assistant Attorneys General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone (ERM): (804) 692-0598
Facsimile (ERM): (804) 371-0200
Email (ERM): EMcneill@oag.state.va.us
*Counsel of Record for Hade*

Gretchen E. Nygaard

*Deputy Attorney General*

Jacqueline C. Hedblom

*Senior Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

I hereby certify that this Response complies with Federal Rules of Appellate Procedure 27(d) in that it does not exceed 5,200 words.

/s/ Erin R. McNeill
Erin R. McNeill (VSB No. 78816)
Senior Assistant Attorney General