# In the United States Court of Appeals

## for the Fourth Circuit

COURTHOUSE NEWS SERVICE; LEE ENTERPRISES, INC.; and LEE BHM, LLC, *Publisher of the Richmond Times-Dispatch, The Roanoke Times, Bristol Herald Courier, Lynchburg News and Advance, Fredericksburg Freelance Star and The Daily Progress*

*Plaintiffs – Appellees.*

*v.*

EDWARD JEWETT, *in his official capacity as Clerk of the Circuit Court for the City of Richmond, Virginia*; BRENDA HAMILTON, *in her official capacity as Clerk of the Circuit Court for the City of Roanoke, Virginia*; and KELLY FLANNAGAN, *in her official capacity as Clerk of the Circuit Court for the City of Bristol, Virginia*

*Defendants – Appellants*,

and

KARL V. HADE, *in his official capacity as Executive Secretary of the Office of Executive Secretary of the Supreme Court of Virginia*

*Defendant – Appellant*,

───────────────────────────────────────────────

## RESPONSE IN OPPOSITION TO MOTION TO SUSPEND BRIEFING

───────────────────────────────────────────────

ROGER MYERS
RACHEL MATTEO-BOEHM
**BRYAN CAVE LEIGHTON PAISNER LLP**
3 Embarcadero Center, 7th Floor
San Francisco, California 94111
Tel: (415) 675-3400
Fax: (415) 675-3434
roger.myers@bclplaw.com
rachel.matteo-boehm@bclplaw.com

DABNEY J. CARR IV
LAUREN H. MILLER
**TROUTMAN PEPPER LOCKE LLP**
Post Office Box 1122
Richmond, Virginia 23218
Tel: (804) 697-1200
Fax: (804) 697-1339
dabney.carr@troutman.com
lauren.h.miller@troutman.com

*Counsel for Plaintiffs-Appellees Courthouse News Service,
Lee Enterprises, Incorporated and Lee BHM LLC*

<u>**INTRODUCTION**</u>

In their Opposition to Defendant-Appellant Clerks' Petition in No. 26-199 for Permission to Appeal the denial of their Rule 12 motions, Plaintiffs-Appellees Courthouse News Service ("CNS"), Lee Enterprises, Incorporated and Lee BHM LLC ("Lee") (collectively, "Appellees") explained how the petition did not satisfy 28 U.S.C. § 1292(b) or show the requisite ""exceptional circumstances."" Opp. 11, 26 (quoting *Fannin v. CSX Transp.*, 873 F.2d 1438, 1989 WL 42583, *2 (4th Cir. 1989) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978)).

They also explained how Appellant Clerks' argument that the interlocutory appeal should be allowed on the theory it overlapped issues in this appeal was not only inaccurate but sought to evade the Supreme Court's rule against "'loosely allowing pendant appellate jurisdiction [that] would encourage parties to parlay *Cohen*-type collateral orders into multi-issue interlocutory appeal tickets.'" *Id.* 27 (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 50-51 (1995)) (Doc. 11).

That concern is made manifest by their motion to suspend briefing, which should be denied. The issues here and in the petition are not related, let alone "inextricably intertwined," *Swint*, 514 U.S. at 51, and the current schedule allows this appeal to be decided "as expeditiously as possible," as required in First Amendment cases, like this one, implicating "[t]he public's interest in monitoring the work of the courts." *Doe v. Pub. Citizen*, 749 F.3d 246, 272-73 (4th Cir. 2014).

## BACKGROUND

CNS and Lee are among the media repeatedly precluded from reporting contemporaneously, or at all, on new filings in Virginia Circuit Courts because Virgina law bars them from using Officer of the Court Remote Access ("OCRA") to obtain copies online ("Access Restriction") and bars OCRA subscribers from telling reporters anything about pleadings they lawfully obtain from OCRA, even those filed in courts too distant for reporters to reach by closing or deadline. Va. Code § 17.1-293(H) ("Dissemination Restriction"). Comp., ¶¶ 11-12, 43, 67-85 (Doc. 1); Reply in Supp. of Motion to Expedite Appeal 2 (Doc. 29-1).[1]

Appellant Clerks enforce these restrictions through their OCRA Subscriber Agreements pursuant to terms provided by Appellant Karl Hade's Office of the Executive Secretary of the Virginia Supreme Court ("OES"). Comp., ¶ 60.[2]

In 2021, CNS sued over the Access Restriction so it could subscribe to OCRA, and over the Dissemination Restriction so it could report on civil court records obtained from OCRA if it won access. Defendants moved to dismiss on the merits, and Defendant Hade on sovereign immunity grounds. The district court

---

[1] Page numbers for filed Documents are to the ECF pagination atop the page (and Doc. numbers are as reflected in that proceeding's docket). The Reply in Support of the Motion to Expedite was attached as Exhibit 1 to the Opposition to Petition for Permission to Appeal, which for convenience is attached hereto as Exhibit A.

[2] Appellants Edward Jewett, Brenda Hamilton and Kelly Flanagan are the Clerks for the Richmond, Roanoke and Bristol City Circuit Courts. Comp., ¶¶ 21-26.

largely denied the motions, including on sovereign immunity because "Hade operates and maintains" the OCRA website, has enforced OCRA's restrictions and thus fits within *Ex parte Young*, 209 U.S. 123 (1908). *Courthouse News Serv. v. Hade*, 580 F. Supp. 3d 289, 294-95 (E.D. Va. 2022) ("*Hade I*"). But it later granted summary judgment against CNS on both restrictions. *Courthouse News Serv. v. Hade*, 631 F. Supp. 3d 349 (E.D. Va. 2022) ("*Hade II*").

A divided panel affirmed as to the Access Restriction but reversed on the Dissemination Restriction, and remanded for dismissal without prejudice for lack of standing, because CNS did not identify an OCRA subscriber willing to provide it information from OCRA but for that Restriction. *Courthouse News Serv. v. Smith*, 126 F.4th 899, 917 (4th Cir. 2025). The only panel member to reach the merits of the Dissemination Restriction would find it "a prior restraint on speech … subject to strict scrutiny." *Id.* at 925 (Gregory, Circuit judge, dissenting).

The Dissemination Restriction also prevented Lee from gathering news about filings in courts it cannot reach. Comp., ¶ 77. In 2025, it joined CNS to sue over that Restriction, which repeatedly restrained an OCRA subscriber from giving them information from OCRA, resolving the standing issue. *Id.*, ¶¶ 43, 77-85.

In May, the district court denied Appellants' motions to dismiss in this new action, including on sovereign immunity grounds (now asserted by all Appellants) for reasons similar to *Hade I*. Opinion and Order 7-10 (Doc. 73) ("MTD Order").

Before discovery could begin into whether the asserted reasons for the Dissemination Restriction's restraint on the speech of OCRA subscribers about "lawfully obtained copies of the official court [records]" can survive constitutional scrutiny under *Soderberg v. Carrion*, 999 F.3d 962, 966 (4th Cir. 2021), among others, Appellants noticed appeals from the sovereign immunity ruling under the collateral order doctrine, staying discovery.[3]

Appellant Clerks then petitioned for permission to bring an interlocutory appeal in No. 26-199 on two non-dispositive issues that the district court had certified but are unrelated to the sovereign immunity issue (Doc. 2).[4] Two days later, this Court issued its scheduling order (Doc. 31),[5] which Appellant Clerks now move to suspend for the express purpose of moving to consolidate the appeals if the petition for an interlocutory appeal under § 1292(b) is granted. Mot. ¶ 10.

---

[3] Though separately noticed, the appeals were subsequently consolidated (Doc. 3).

[4] The two issues are (1) whether the OCRA subscriber who repeatedly told CNS and Lee he was willing to provide them information in or copies of new filings on OCRA but for the Dissemination Restriction – which restrained him from doing so – constitutes a "willing speaker" giving CNS and Lee standing to assert a claim that the Restriction injures their First Amendment right to gather news under cases such as *Smith* and *Overbey v. Mayor of Baltimore*, 930 F.3d 215, 228 (4th Cir. 2019), and (2) whether the Dissemination Restriction constitutes a prior restraint on the speech of OCRA subscribers subject to strict scrutiny under cases such as *Alexander v. United States*, 509 U.S. 544, 550 (1993), cited by Judge Gregory's dissent in *Smith*, 126 F.3d at 925, and by the district court. MTD Order 14.

[5] On July 7, the Court denied Appellees' request for accelerated briefing and deferred further consideration of their motion to expedite (Doc. 25) pending assignment to a panel (Doc. 30). The next week, it issued the scheduling order.

## ARGUMENT

This pending sovereign immunity appeal presents a single question: Did CNS and Lee plausibly allege Appellants fall within the *Ex parte Young* exception because they "have a 'special relation' to [the Dissemination Restriction]'" and "'acted or threatened' to enforce [it],'" *Hade I*, 580 F. Supp. at 294 (quoting *McBurney v. Cuccinelli*, 616 F.3d 393, 402 (4th Cir. 2010)), where (i) they allege Hade's "OES 'created, provides, supports and maintains OCRA for Virginia court clerks' [and] requires circuit court clerks include the Dissemination Restriction in OCRA subscription agreements," MTD Order 8, and (ii) OCRA empowers Appellant Clerks to enforce the Restriction, Va. Code § 17.1-293(H), which they do enforce by including an even stricter version in the agreements subscribers must sign to access OCRA. Comp., ¶¶ 57-59; Exhs. 3, ¶ 8(e), & 4-5, ¶ 6 (e).

The question answers itself, which is one reason why this appeal could be resolved as early as October, shortly after briefing ends under the current schedule. Appellant Clerks' motion to suspend the schedule would prevent that by delaying even the start of briefing on this issue until at least a month or more after a decision not only on their petition to bring a separate interlocutory appeal but on a motion to consolidate the appeals, which, if granted, would further delay briefing.

This is an unusual context to move to suspend briefing, which is usually sought if another motion will dispose of the appeal, making briefing unnecessary.

*United States v. Hyman*, 884 F.3d 496, 497 (4th Cir. 2018) (motion to dismiss); 4th Cir. L.R. 27(f)(3). Appellant Clerks' motion seeks to expand (and thus delay) this interlocutory appeal. Where, as here, "'[t]he goal'" may be, and "'the effect'" would be, "to delay briefing" and thus resolution, motions to suspend briefing have been denied. *United States v. Fortner*, 455 F.3d 752, 753-54 (7th Cir. 2006).[6]

While *Fortner*'s facts differ,[7] the result here should be the same.

As CNS' and Lee's opposition showed, the petition in No. 26-199 should be denied. *See infra* 8-9 nn.9-10. Given the uncertainty whether that appeal will be allowed (or when that ruling may issue), it makes little sense to postpone briefing here. That is especially true because the issues there – is the ban on disseminating information in or copies of public court records obtained on OCRA a prior restraint subject to strict scrutiny, and does the press have "standing" to assert that claim – "involve[] … distinct legal concept[s] that do[] not affect analysis" of "sovereign immunity." *Rux v. Republic of Sudan*, 461 F.3d 461, 467 n.1, 476 (4th Cir. 2006).

As *Rux* illustrates, the limits on pendent appellate jurisdiction, and the harm to the public interest from suspending the Court's order and delaying this First Amendment case, weigh against granting the motion. *Doe*, 749 F.3d at 272-73.

---

[6] Unless otherwise noted, all citations for quotations within quotations are omitted, **emphases** in bold italics are added while *emphases* in italics were in the original.

[7] The government's "problematic" strategy was to move for summary affirmance and to suspend briefing shortly before its brief was due. *Fortner*, 455 F.3d at 753.

**I.** **The Motion Should be Denied to Discourage Attempts to Evade _Swint_**

Both the petition in No. 26-199 and this motion assert the issues raised in the former "overlap," Pet. 25, and "are related to" sovereign immunity. Mot. ¶ 7. That is not among the criteria for interlocutory appeal under § 1292(b), _see Fannin_, 873 F.2d 1438 at *2, but it is for pendent appellate jurisdiction, which Appellant Clerks did not seek because they could not meet its "limited and narrow" requirements. _Rux_, 461 F.3d at 475 ("pendent appellate jurisdiction is available **_only_** … when an issue is '**_inextricably intertwined_**' with" and "'**_necessary_** to ensure meaningful review' of an immediately appealable issue") (quoting _Swint_, 514 U.S. at 50-51).[8]

This Court recognizes "pendent appellate jurisdiction should only be exercised sparingly," _Polk v. Montgomery Cnty. Pub. Schs._, 166 F.4th 400, 410 (4th Cir. 2026), to avoid undermining the "final-judgment rule," which "by preventing piecemeal appeals, 'promotes the efficient administration of justice' and 'preserves the proper balance between trial and appellate courts.'" _Geo Grp.,_

---

[8] The petition's standing and prior restraint issues are not "related to," let alone "inextricably intertwined with," sovereign immunity. Media standing exists once a willing speaker declines to provide information because of an existing restriction. _Overbey_, 930 F.3d at 228. That question differs from _Ex parte Young_, which applies "'_even if the threat [of enforcement] is not yet imminent._'" _King v. Youngkin_, 122 F.4th 539, 544-45 (4th Cir. 2024) (treating "standing" and "ripeness" as distinct from "sovereign immunity") (quoting _McBurney_, 616 F.3d at 399). And whether Appellants have "'some duty in regard to the enforcement,'" _McBurney_, 616 F.3d at 399 – which one part of OCRA says they have – does not "overlap" with whether another part is a prior restraint. If it did, sovereign immunity could always "overlap" the merits in cases of statutory interpretation.

*Inc. v. Menocal*, 607 U.S. 438, 444 (2026) (quoting *Microsoft Corp. v. Baker*, 582 U.S. 23, 36-37 (2017)). Similarly, to receive approval for an interlocutory appeal under § 1292(b) Appellant Clerks must "carr[y] 'the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Fannin*, 873 F.2d 1438 at *2 (quoting *Coopers & Lybrand*, 437 U.S. at 475).

Suspending briefing will encourage attempts to circumvent these rules by:

(1) Bringing a dubious appeal from the denial of sovereign immunity;

(2) Using the resulting automatic stay below to justify § 1292(b) certification of other rulings on a motion to dismiss "not ordinarily subject to interlocutory appeal," *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1133-35 (D.C. Cir. 2004), on the ground they are "relevant" to constitutionality and will "clarify the precise showings a plaintiff must make," Opinion and Order 7, 11 (Doc. 94) ("MTC Order"), neither of which satisfy § 1292(b);[9]

---

[9] Section 1292(b)'s "'requirements must be strictly construed,'" *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017), and Appellant Clerks do not meet them. Neither standing nor the prior restraint issue "involve 'a controlling question of law as to which there is substantial ground for difference of opinion,'" *id.* (quoting § 1292(b)), but rather application of settled precedent to the facts alleged and the words of the Dissemination Restriction. Nor could these issues "promise to 'materially advance the ultimate termination of the litigation,'" *id.* (quoting same), as shown by *Smith*, 126 F.3d at 917 (standing dismissal must be without prejudice) and the vacated *Hade II*, 631 F. Supp. 3d at 367-69 (treating Dissemination Restriction as time, place and manner restriction did not materially advance the case but only changed the level of scrutiny).

(3) Then moving to delay the first appeal to consolidate it with the second –

*if* it is allowed, and whenever that ruling may occur – which would "sanction the

conversion of a narrow, statutorily authorized interlocutory appeal into a full-

blown appeal, precisely the effect that the *Swint* Court sought to avoid." *Moses v.*

*CashCall, Inc.*, 781 F.3d 63, 80 (4th Cir. 2015).[10]

## II.  The Motion Should be Denied to Protect the Public Interest in this Case

Even if the Court was "tempted to" allow this maneuver, "the gentle tug of

the First Amendment and the values embodied therein would" counsel against it.

*Winter v. G.P. Putnam's Sons*, 938 F.2d 1033, 1037 (9th Cir. 1991).

Appellant Clerks essentially ask the Court to stay its own scheduling order.

A stay "has some functional overlap with an injunction," and thus generally must

meet a test that "substantial[ly] overlap[s]" the familiar "factors governing

preliminary injunctions." *Nken v. Holder*, 556 U.S. 418, 428, 434 (2009).[11]

That is not to say rulings on motions like this one must discuss those factors;

---

[10] Another problem with their petition is Appellant Clerks did not show, and the district court did not find, the "'exceptional circumstances'" that "'the court of appeals'" must be persuaded would "'justify a departure'" from the final judgment rule, *Coopers & Lybrand*, 437 U.S. at 475; *Fannin*, 873 F.2d 1438 at *2 & 5, as "'where a decision of the appeal may avoid protracted and expensive litigation.'" *Medomsley Steam Shipping Co. v. Elizabeth River Terminals, Inc.*, 317 F.2d 741, 743 (4th Cir. 1963) (quoting 1958 U.S. Code Cong. & Adm. News 5260-61).

[11] Those factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether … the stay will substantially injure the other parties …; and (4) where the public interest lies." *Nken*, 556 U.S. at 434.

their outcome can often be inferred from context. *See* 4th Cir. L.R. 27(f)(3) (discussing motions for "[s]uspension of briefing" in context of a "pending ruling on a motion to summarily affirm, reverse, or dismiss"). But the motion here is a horse of a different hue and, in considering if "good cause" warrants it, the "public interest" should be considered. *James A. Merritt & Sons v. Marsh*, 791 F.2d 328, 331 (4th Cir. 1986) (applying FRAP 2(a), which "provides for the suspension of procedural rules in the interest of expediting a decision or for other good cause").

Suspending briefing would be contrary to "[t]he public's interest in monitoring the work of the courts," which "is subverted when a court delays making a determination" about restraints on speech regarding litigation. *Doe*, 749 F.3d at 272. That is why this Court has "ordered expedited review" of gags orders. *In re Murphy-Brown, LLC*, 907 F.3d 788, 793 (4th Cir. 2018); *In re The Wall St. J.*, 601 F. App'x 215 (4th Cir. 2015). If the ability of CNS and Lee to gather news about new filings on OCRA "is delayed while" awaiting a ruling on the petition and a possible appeal of those issues, "then the expression of the newspapers, lawyers, libraries, and others who rely on CNS [and Lee] for information will also be stifled." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 788 (9th Cir. 2014).[12]

---

[12] The sovereign immunity appeal resulted in an automatic stay. MTC Order 5. Once that appeal is resolved, the stay can be dissolved even if the § 1292(b) petition is granted, as that provision does not provide an automatic stay. *Zinski v. Liberty Univ., Inc.*, 761 F. Supp. 3d 916, 918-23 (W.D. Va. 2025) (denying "stay of discovery" after certifying interlocutory appeal under § 1292(b)).

Conversely, the asserted interests in "efficiency, consistency, and clarity," Mot. ¶ 10, are not harmed by denying the motion.  No legal through-line connects sovereign immunity with standing and the prior restraint, so briefing the first will be unhindered by not including the others.  If a § 1292(b) appeal and consolidation are allowed, subsequent briefs can incorporate from the initial brief as warranted.

## CONCLUSION

"[M]ost interlocutory appeals … result in inefficiency and delay."  *In re Swyter*, 263 B.R. 742, 749 (E.D. Va. 2001); *accord, e.g., Microsoft*, 582 U.S. at 36. Some delay was inevitable when the sovereign immunity ruling was appealed, but suspending briefing will exacerbate the problem, to the detriment of the public interest.  Appellant Clerks' motion to suspend the briefing order should be denied.

Date: August 3, 2026                            Respectfully submitted,

                                                /s/ Dabney J. Carr, IV

Roger Myers                                     Dabney J. Carr IV
Rachel Matteo-Boehm                             Lauren H. Miller
**BRYAN CAVE LEIGHTON PAISNER LLP**            **TROUTMAN PEPPER LOCKE LLP**
3 Embarcadero Center, 7th Floor                 Post Office Box 1122
San Francisco, California 94111                 Richmond, Virginia 23218
Tel: (415) 675-3400                             Tel: (804) 697-1200
Fax: (415) 675-3434                             Fax: (804) 697-1339
roger.myers@bclplaw.com                         dabney.carr@troutman.com
rachel.matteo-boehm@bclplaw.com                 lauren.h.miller@troutman.com

*Counsel for Plaintiffs-Appellees Courthouse News Service,*
*Lee Enterprises, Incorporated, and Lee BHM LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), this document complies with (1) the word limits of Federal Rule of Appellate Procedure 27(d)(2), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 2,934 words; and (2) the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because this document has been prepared in a proportionally spaced typeface (14 point, Times New Roman font) using Microsoft Word.

*/s/ Dabney J. Carr, IV*
Dabney J. Carr