No. 26-1648 (L)

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

COURTHOUSE NEWS SERVICE, et al.,

*Plaintiffs-Appellees*,

v.

KARL R. HADE, in his official capacity as Executive Secretary of the Office of Executive Secretary of the Supreme Court of Virginia, et al.,

*Defendants-Appellants*.

---

On Appeal from the United States District Court
for the Western District of Virginia

---

**OPENING BRIEF OF DEFENDANT-APPELLANT HADE**

---

September 21, 2026

JAY JONES
*Attorney General*

ERIN R. MCNEILL
*Senior Assistant Attorney General*
JOHN D. GILBODY
*Senior Assistant Attorney General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219

*Counsel for Defendant-Appellant Karl Hade*

## TABLE OF CONTENTS

**Page**

**TABLE OF AUTHORITIES** ..... ii

**INTRODUCTION** ..... 4

**JURISDICTIONAL STATEMENT** ..... 5

**STATEMENT OF ISSUES** ..... 5

**STATEMENT OF THE CASE** ..... 6

**STANDARD OF REVIEW** ..... 9

**SUMMARY OF ARGUMENT** ..... 9

**ARGUMENT** ..... 11

- **I. Hade has no authority to enforce the Dissemination Restriction.** ..... 11
- **II. The Clerks have not delegated their statutory authority to OES.** ..... 19

**CONCLUSION** ..... 21

**CERTIFICATE OF COMPLIANCE** ..... 22

**CERTIFICATE OF SERVICE** ..... 23

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Caldwell County*,
524 Fed. Appx. 854 (4th Cir. 2013)....................................................10

*Courthouse News Serv. v. Hade*,
631 F. Supp. 3d 349 (E.D.Va. 2022)..................................................8, 9

*Courthouse News Serv. v. Smith*,
126 F.4th 899 (4th Cir. 2025)............................................................8, 9

*Courthouse News Service v. Hade*,
580 F. Supp. 3d 289 (E.D. Va. 2022)................................................8, 19

*Doyle v. Hogan*,
2021 U.S. App. LEXIS 17823 (4th Cir. 2021)................................14, 15

*Lytle v. Griffith*,
240 F.3d 404 (4th Cir. 2001) .................................................10, 12, 13

*McBurney v. Cuccinelli*,
616 F.3d 393 (4th Cir. 2010) ........................................................11, 14

*Miller & Rhoads Bldg., L.L.C. v. City of Richmond*,
292 Va. 537 (2016) ..........................................................................15

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
506 U.S. 139 (1993)............................................................................6

*S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC.*,
713 F.3d 175 (4th Cir. 2013) ..............................................................18

*South Carolina Wildlife Fed. v. Limehouse*,
549 F.3d 324 (4th Cir. 2008) ..............................................................14

*Waste Management Holdings, Inc. v. Gilmore*,
252 F.3d 316 (4th Cir. 2001) ....................................................14

*Will v. Michigan Dep't of State Police*,
491 U.S. 58 (1989)....................................................................10, 12

*Wright v. North Carolina*,
787 F.3d 256 (4th Cir. 2015) ....................................................13

*Ex parte Young*,
209 U.S. 123 (1908)........................................................... *passim*

**Statutes**

28 U.S.C. §§ 1331.........................................................................6

28 U.S.C. § 2201 ..........................................................................8

U.S. Constitution and the Civil Rights Act, Title First and
Fourteenth Amendments 42 U.S.C. §§ 1983, *et seq.* .........................6

Virginia Code § 17.1-242...............................................................16

Virginia Code § 17.1-293.................................................................8

Virginia Code § 17.1-293(C)(7) ...................................................8, 19

Virginia Code § 17.1-293(H)............................................... *passim*

**Rules**

Federal Rule of Appellate Procedure 32(a)(7)(B)...................................23

Federal Rule of Appellate Procedure 32(a)(5).........................................23

Federal Rule of Appellate Procedure 32(a)(6).........................................23

Federal Rule of Appellate Procedure Rule 32(f) .....................................23

Federal Rule of Appellate Procedure 12(b)(6)...........................................9

Federal Rule of Appellate Procedure 12(b)(6)...........................................9

## INTRODUCTION

To invoke the *Ex parte Young* exception to sovereign immunity, a state officer must have a "special relationship" to the challenged statute, specifically direct involvement with the enforcement of the statute. There were two errors leading to the denial of Hade's sovereign immunity. First, the decision should not have relied on the previous court's finding that Hade had a special relationship with a different provision of the statute at issue—the Access Restriction—to determine Hade's relationship to enforcement of the Dissemination Restriction. Secondly, the trial court also improperly relied on the Plaintiffs' claim that OES was involved with *indirect* enforcement of the statute; namely, by requiring clerks to advise OCRA users that Virginia law forbids them from selling or disseminating the information downloaded from OCRA to the general public and that the clerk may revoke access for violation of the Dissemination Restriction. These errors led to the denial of Hade's motion to dismiss. Hade now respectfully requests that this Court reverse those errors and dismiss the case against him with prejudice based on sovereign immunity.

## JURISDICTIONAL STATEMENT

The claims of the plaintiff/appellees arise under the First and Fourteenth Amendments to the U.S. Constitution and the Civil Rights Act, Title 42 U.S.C. §§ 1983, *et seq.* The district court had subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 2201 (declaratory relief). The district court held that Hade was not entitled to sovereign immunity even though he was sued in his official capacity as an officer of the Commonwealth of Virginia. Therefore, this Court has appellate jurisdiction under the Collateral Order doctrine. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993).

## STATEMENT OF ISSUES

1. Does the Executive Secretary have a sufficient "special relationship" with Virginia's restriction on disseminating court records downloaded from the Officer of the Court Remote Access System to waive his sovereign immunity under *Ex parte Young* for a lawsuit challenging the constitutionality of that statute, when he has no authority to grant or remove access to the records, but only provides the database and website by which court clerks can grant or remove access?

2. Can the trial court rely on a bare allegation that the Office of the Executive Secretary ("OES") requires clerks to include the dissemination restriction in user agreements as sufficient to create a question of fact as to whether Hade has a special relationship to the enforcement of the dissemination restriction in the statute at issue, when the Complaint itself included the stipulations of fact that (1) the Virginia Information Technologies Agency ("VITA") provides the model user agreements the clerks may use to create their own user agreements (JA 69), (2) the clerks control who has access to the records stored on their local OCRA servers (JA 70), and (3) the clerks either designate their own employee to be the administrator of their court's OCRA accounts or they do the administration themselves (JA 71), and the statute at issue specifies that only the clerks have the discretion to revoke access to OCRA if the dissemination restriction is violated by one of their users?

## STATEMENT OF THE CASE

Courthouse News Service ("CNS") previously brought suit against appellant Karl Hade ("Hade") and Jacqueline Smith, the circuit court clerk for Prince William County, in the United States District Court for the Eastern District of Virginia to challenge the Officer of the Court

Remote Access ("OCRA") information system. *Courthouse News Serv. v. Hade*, 631 F. Supp. 3d 349 (E.D.Va. 2022) [*Hade I*[1]] affirmed in part, reversed in part, and remanded by *Courthouse News Serv. v. Smith*, 126 F.4th 899 (4th Cir. 2025) ["*Smith*"]. In that lawsuit, CNS sought declarations that Access Restriction and the Dissemination Restriction in Virginia Code § 17.1-293 were unconstitutional and injunctions against their enforcement. Specifically, CNS sought "a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring Virginia Code § 17.1-293(C)(7)—the Access Restriction--unconstitutional on its face because it impermissibly denies remote online access to non-attorneys." *Hade I*, Case No. 3:21-cv-00460, ECF No. 27, at 27, ¶ 3 (E.D. Va., Sept. 14, 2021). CNS also sought a declaration that Virginia Code § 17.1-293(H)—the Dissemination Restriction—was unconstitutional because it "restricts the dissemination of civil, nonconfidential, public court records gathered via remote electronic access." *Id.* at 27, ¶ 5.

[1] *Hade I* refers to all the proceedings in the trial court for *Courthouse News Service v. Hade*. There were three published opinions at the trial court level in *Hade I*: the initial opinion on Hade's motion to dismiss, the opinion resolving the cross motions for summary judgment, and the opinion issued on remand.

The district court in that first suit granted summary judgment to Smith and the Commonwealth of Virginia[2] as to the constitutionality of both the Access Restriction and the Dissemination Restriction. *Hade I*, 631 F. Supp. 3d at 356. This Court affirmed the district court's decision as to the Access Restriction but found that CNS lacked standing to challenge the Dissemination Restriction. *Smith*, 126 F.4th at 918. Accordingly, this Court vacated the district court's ruling on that issue and remanded with instruction to dismiss that claim without prejudice. *Id.*

CNS, along with Lee Enterprises, Incorporated and Lee BHM LLC, brought the current case in the United States District Court for the Western District of Virginia challenging the Dissemination Restriction. In response to the Complaint, Hade, by counsel, filed motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (JA 112-JA 115.) In relevant part, Hade argued that he had Eleventh Amendment immunity as a state officer sued in his official capacity. (JA 123.) Hade's motions to dismiss were denied by Judge Jones through an Opinion and Order issued on

[2] CNS voluntarily dismissed Hade after discovery was concluded, and the Commonwealth of Virginia intervened to defend the constitutionality of the challenged provisions of the Virginia Code.

May 5, 2026. (JA 1-16.) Hade, by counsel, timely noticed an appeal of the denial of his sovereign immunity on May 19, 2026, pursuant to the collateral order doctrine.

The Clerks appealed the denial of their sovereign immunity but also filed a motion for interlocutory appeal as to "(1) whether the [Dissemination Restriction] is a prior restraint subject to strict scrutiny; and (2) whether the plaintiffs have standing to assert that [the restriction] is an unconstitutional prior restraint." (JA 631.) The trial court certified the Clerks' additional bases for appeal. (JA 693.)

## STANDARD OF REVIEW

"The existence of sovereign immunity is a question of law that we review de novo." *Anderson v. Caldwell County*, 524 Fed. Appx. 854, 863 (4th Cir. 2013).

## SUMMARY OF ARGUMENT

Hade appeals the decision of the district court denying his motion to dismiss based upon sovereign immunity. He has been sued in his official capacity as the head of OES. Ordinarily, that would bar a suit against him pursuant to the Eleventh Amendment. *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001); *accord Will v. Michigan Dep't of State*

*Police*, 491 U.S. 58, 71 (1989) (noting that "a suit against a state official in his or her official capacity" is "no different from a suit against the State itself"). The plaintiffs/appellees seek declaratory and prospective relief against him by attempting to invoke the *Ex Parte Young* exception to Eleventh Amendment immunity. 209 U.S. 123 (1908). To trigger the *Ex parte Young* exception, the plaintiffs must show that the officer must have direct involvement in enforcing the statute and the officer must have "acted or threatened" to enforce the statute. *McBurney v. Cuccinelli*, 616 F.3d 393, 399, 402 (4th Cir. 2010). They cannot meet that standard in the case at bar because OES has no enforcement authority over the Dissemination Restriction.

The plaintiffs/appellees challenge the constitutionality of the "Dissemination Restriction" set forth at Virginia Code § 17.1-293(H). This statute forbids a subscriber from allowing "any data accessed by secure remote access to be sold or posted on any other website or in any way redistributed to any third party." The *sole* statutory method for enforcing this restriction is given to circuit court clerks, who "may deny secure remote access to ensure compliance with these provisions." *Id.* The plaintiffs/appellees acknowledge that only clerks can enforce the

Dissemination Restriction (JA 71.) ("Each participating clerk ultimately determines who is authorized to access the clerk's records via OCRA, pursuant to and in compliance with applicable law.") In sum, because OES has no statutory authority to enforce Virginia Code § 17.1-293(H) there is no basis to invalidate Hade's sovereign immunity as an officer of the Commonwealth acting in his official capacity under the *Ex parte Younger* exception.

## ARGUMENT

### I. Hade has no authority to enforce the Dissemination Restriction.

As an officer of the Commonwealth of Virginia, Hade is entitled to sovereign immunity under the Eleventh Amendment of the United States Constitution unless the Plaintiffs can successfully invoke the *Ex parte Young* exception. *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001); *accord Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (noting that "a suit against a state official in his or her official capacity" is "no different from a suit against the State itself"). The Eleventh Amendment provides, in part, that "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of

another State." U.S. Const. amend XI. The Eleventh Amendment "render[s] States immune from being hauled into federal court by private parties." *Wright v. North Carolina*, 787 F.3d 256, 261 (4th Cir. 2015). State officers sued in their official capacity—as Defendant Karl Hade is here—are "also entitled to Eleventh Amendment protection" because official-capacity suits are in effect suits against the State. *Lytle*, 240 F.3d at 408. Therefore, Hade would be immune from suit.

In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court recognized a limited exception to Eleventh Amendment immunity that permits federal courts to grant prospective relief against a state officer when that officer acts in violation of federal law. As the Court explained, the exception is based on the "fiction" that an officer who acts unconstitutionally is "stripped of his official or representative character" and may therefore be "subject[]" to "the consequences of his individual conduct" in federal court. *Id.* at 159–60.

Although this doctrine provides an avenue for plaintiffs seeking injunctive relief against States, "[t]he purpose of allowing suit against state officials to enjoin their enforcement of an unconstitutional statute is not aided by enjoining the actions of a state official not directly involved

in enforcing the subject statute." *Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 332 (4th Cir. 2001). Accordingly, the *Ex Parte Young* exception is limited to situations where a plaintiff can show: (1) a "special relation" between the officer sued and the challenged policy; and (2) the officer has "acted or threatened" to enforce the policy. *McBurney v. Cuccinelli*, 616 F.3d 393, 399, 402 (4th Cir. 2010). These requirements ensure both that "the appropriate party is before the federal court, so as not to interfere with the lawful discretion of state officials" and that "a federal injunction will be effective with respect to the underlying claim." *South Carolina Wildlife Fed. v. Limehouse*, 549 F.3d 324, 333–34 (4th Cir. 2008). In this case, Plaintiff's Complaint fails to demonstrate either requirement.

First, the Executive Secretary lacks a "special relation" to the challenged Dissemination Restriction as defined by *Ex Parte Young* and its progeny. A "special relation" exists only when "[t]he officer sued [is] able to enforce, if he so chooses, the specific law the plaintiff challenges." *Doyle v. Hogan*, 2021 U.S. App. LEXIS 17823, *7 (4th Cir. 2021). "Without this enforcement duty, the officer is merely a 'representative of the State' who cannot be sued because allowing such a suit would

essentially 'make the State a party.'" *Id.* (quoting *Ex parte Young*, 209 U.S. at 157). "That authority can come from the particular act being challenged, a more general law providing enforcement authority, or the general duties of the officer." *Id.* (internal quotations omitted).

The plaintiffs/appellees have not identified any statute, regulation, rule, or even custom indicating that Hade or the OES have any authority to enforce the Dissemination Restriction. On the contrary, the plain language of the statute states that "the clerk, in his discretion, may deny secure remote access to ensure compliance with these provisions." Code § 17.1-293(H).

At the trial court level, Plaintiffs argued that despite the statutory language, Hade may also have some ability to enforce the Dissemination Restriction. (JA 240) But a "time-honored principle" the Virginia Supreme Court applies when engaged in statutory interpretation is *expresssio unius est exlusio alterious*" meaning "when a legislative engagement limits the manner in which something may be done, the enactment also evinces the intent that it shall not be done another way." *Miller & Rhoads Bldg., L.L.C. v. City of Richmond*, 292 Va. 537, 544 (2016). Quite simply, the legislature specified that, consistent with other

statutes, the duly-elected clerks have sole authority over access to court records, which includes the discretion to revoke access if an OCRA user is selling or otherwise disseminating records to the general public. Code § 17.1-293(H).

The undisputed facts also support the Clerks' exclusive authority to enforce the Dissemination Restriction by revoking access. The OES merely provides the technology platform through which the circuit court clerks may elect to provide access to OCRA. But Virginia law grants circuit court clerks the *exclusive legal custody* of all records filed in their respective circuit courts, including "records stored in electronic format *whether the storage media for such electronic records are on premises or elsewhere*." Code § 17.1-242. (emphasis added). As the plaintiffs/appellees stipulated in the complaint, the "records viewable through the OCRA application are stored on local servers controlled by the respective local circuit court clerks" *not* a centralized server over which OES employees have access or control. (JA 70.)

In addition to having sole legal custody of the records, circuit court clerks have the exclusive right to determine who is given OCRA access to their records. As explained in Exhibit 2 to the Complaint:

> If a clerk determines that a subscriber is authorized to have access to OCRA, pursuant to and in compliance with applicable law, then that subscriber will be provided access to OCRA. OES does not in any way evaluate or screen potential subscribers once the clerk determines they are authorized. OES receives the name and email addresses of subscribers but does not receive other information and does not know if a subscriber is a licensed attorney.

(JA 71.)

The plaintiffs/appellees recognize the clerk's exclusive authority and stipulated in the complaint that "[e]ach participating clerk ultimately determines who is authorized to access the clerk's records via OCRA, pursuant to and in compliance with applicable law." (JA 71.) The role of the OES in this process is purely ministerial.

To avoid the unambiguous statutory language and the facts they themselves included in the complaint, Plaintiffs shifted the argument to whether Hade has some special relationship to providing access rather than authority to revoke access in order to enforce the Dissemination Restriction. This is a meaningful distinction. The trial court found that because OES "created, provides, supports and maintains OCRA for Virginia court clerks," combined with the alleged requirement that circuit court clerks include the Dissemination Restriction in user

agreements, Hade had a sufficient special relationship with the Dissemination Restriction and its enforcement in order to invoke the *Ex parte Young* exception. (JA 8.) But creating, providing, supporting, and maintaining OCRA is arguably how clerks grant access to online records not authority to revoke that access for misuse.

Furthermore, the facts alleged by Plaintiffs in their briefs are contradicted by their own exhibit, the stipulation of facts attached as Exhibit 2 to the Complaint. (JA 63-77.) This Court has repeatedly held that when there a "conflict between the bare allegations of the complaint and any exhibit attached [to the compliant,] . . . the exhibit prevails." *S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC.*, 713 F.3d 175, 182 (4th Cir. 2013) (quoting *Fayetteville Investors v. Commercials Builders, Inc.*, 936 F2d 1462, 1465 (4th Cir. 1991)) (alterations in the original).

The exhibit expressly counters the claim that OES requires any particular terms in the user agreements—the stipulated fact is that model agreements are available from VITA, a different state agency. (JA 69.) The stipulated facts make it clear that each circuit maintains its own local server controlled directly by the clerks themselves, not a centralized

administrator at OES. (JA 70.) Plaintiffs cannot erase by unsupported allegations what they agreed to in stipulations they attached to their own complaint as agreed facts.

Both the Plaintiffs and the trial court relied heavily on the fact that in *Hade I* the district court denied Hade's motion to dismiss on the basis of sovereign immunity, finding at that time that there was sufficient evidence that Hade bore a special relation to providing access and threatened to enforce the restriction that only attorneys be granted access. (JA 8.) *Hade I*, however, included CNS's challenge to the access restriction in Virginia Code § 17.1-293(C)(7). *Courthouse News Service v. Hade*, 580 F. Supp. 3d 289, 292 (E.D. Va. 2022). There, OES role in providing clerks with the infrastructure to grant access to electronic records, the warning on the log in screen that requires a bar number to use, and ambiguity regarding OES's authority over to whom clerks could grant access caused the trial court to find that Hade had a sufficient special relationship with the statute and enforced it because at that stage, the "plaintiff's well-pleaded allegations are taking as true, and the complaint is viewed in the light most favorable to the plaintiff." *Hade I,* 580 F. Supp. 3d at 294.

After discovery, however, the parties agreed to the stipulated facts that now appear as an exhibit to the complaint. Hade was voluntarily dismissed and the Commonwealth intervened to defend the constitutionality of the statute at issue. *Hade I*, 631 F. Supp. 349, 355 (E.D. Va. 2022). Today, although the parties have not conducted additional discovery, the stipulated facts that resulted from discovery in *Hade I* are admitted as exhibits to the complaint. (JA 62-77.) Bare allegations cannot contradict the stipulation that VITA provides form user agreements, and the clerks themselves control access. (JA 69.) Hade's immunity from the case at bar must be analyzed solely on Hade's role in enforcing the Dissemination Restriction, not the Access Restriction. Taken together, these facts lead to a different result than the motion to dismiss filed in *Hade I*: the court has different uncontested facts and the legal question has changed. Thus, the result should be different as well. Hade has no relationship to the enforcement of the Dissemination Restriction and thus retains his sovereign immunity.

## II. The Clerks have not delegated their statutory authority to OES.

Both the Plaintiffs and the trial court also improperly rely on the subscriber agreements in order to invoke the *Ex parte Younger* exception

to Hade's sovereign immunity by using language in the user agreements to argue that OES threatened enforcement by requiring the Dissemination Restriction to be quoted in the user agreements. The trial court cited to the fact alleged by the Plaintiffs that "OES . . . requires circuit court clerks include the Dissemination Restriction in OCRA subscription agreements . . ." as part of its reasoning. (JA 8.) Yet the subscriber agreements for each clerk are included as exhibits and none of them give OES enforcement authority. (JA 82, section 8(e); JA 8, section 6(e); JA 96, section 6(e).) Each of the clauses reciting the Dissemination Restriction closely tracks the statutory language of Code 17.1-293(H), including reserving the right of enforcement to the clerk, not OES or any other authority. (JA 82, section 8(e); JA 8, section 6(e); JA 96, section 6(e).) Thus, even if this clause was included in the subscriber agreements at the recommendation of OES, it is merely reciting the statutory requirement and placing enforcement authority in the same place as the statue: with the clerks.

OES does not require that the clerks delegate some or all of their enforcement authority to OES via the user agreements as a condition of participating in OCRA. The user agreements do not grant OES any

authority to enforce any part of the statute or the agreements themselves. Instead, the user agreements are merely an accurate statement of relevant Virginia law, which vests enforcement authority solely with the clerks of the circuit courts. (JA 82, section 8(e); JA 8, section 6(e); JA 96, section 6(e).)

## CONCLUSION

There is no factual dispute or statutory ambiguity that would permit the Plaintiffs to invoke the *Ex parte Younger* doctrine and sue Hade, an officer of the Commonwealth acting in his official capacity. Accordingly, Hade respectfully requests that this Court reverse the trial court and dismiss him from this suit on the basis of sovereign immunity.

Respectfully submitted,

KARL R. HADE

By Counsel:

/s/ Erin R. McNeill

Erin R. McNeill (VSB# 78816)*
Senior Assistant Attorneys General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone (ERM): (804) 692-0598
Facsimile (ERM): (804) 371-0200
Email(ERM): EMcneill@oag.state.va.us
**Counsel of Record for Hade*

Jay Jones
*Attorney General of Virginia*

Gretchen E. Nygaard
*Deputy Attorney General*

Jacqueline C. Hedblom
*Senior Assistant Attorney General*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 3,506 words, excluding the parts of the brief exempted by Rule 32(f). This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook typeface.

*/s/ Erin R. McNeill*

ERIN R. MCNEILL
*Senior Assistant Attorney General*

## CERTIFICATE OF SERVICE

I certify that on September 21, 2026, I electronically filed the foregoing brief with the Clerk of this Court by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*/s/ Erin R. McNeill*

ERIN R. MCNEILL
*Senior Assistant Attorney General*