**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

NO. 26-1648 (L)
(1:25-CV-00075-JPJ-PMS)

EDWARD JEWETT, in his official capacity as Clerk of the Circuit Court for the City of Richmond, Virginia; BRENDA HAMILTON, in her official capacity as Clerk of the Circuit Court for the City of Roanoke, Virginia; KELLY FLANNAGAN, in her official capacity as Clerk of the Circuit Court for the City of Bristol, Virginia

*Defendants – Appellants*

and

KARL R. HADE, in his official capacity as Executive Secretary of the Office of Executive Secretary of the Supreme Court of Virginia,

*Defendant – Appellant,*

v.

COURTHOUSE NEWS SERVICE; LEE ENTERPRISES, INCORPORATED; LEE BHM, LLC, Publisher of the Richmond Times-Dispatch, The Roanoke Times, Bristol Herald Courier, Lynchburg News and Advance, Fredericksburg Freelance Star and The Daily Progress

*Plaintiffs – Appellees.*

# APPELLANTS' JOINT MOTION TO FILE SEPARATE OPENING BRIEFS

Edward Jewett, in his official capacity as Clerk of the Circuit Court for the City of Richmond, Virginia, Brenda Hamilton, in her official capacity as Clerk of the Circuit Court for the City of Roanoke, Virginia, Kelly Flannagan, in her official capacity as Clerk of the Circuit Court for the City of Bristol, Virginia ("Clerks"), by counsel, and Karl S. Hade ("Hade"), by counsel (together, "Appellants"), jointly move this Court to permit them to file separate Opening Briefs in this consolidated appeal. *See* Local Rule 28(a).

1. This appeal is a consolidated proceeding involving two appeals of right under the collateral order doctrine brought by both the Clerks and Hade, and a discretionary appeal under 28 U.S.C. § 1292(b) brought only by the Clerks.

2. The collateral order appeals relate to the district court's decision that the Appellants are not entitled to Eleventh Amendment immunity from the plaintiffs' First Amendment challenge to Virginia Code § 17.1-293(H).

3. The § 1292(b) appeal relates to two additional issues brought by the Clerks alone: whether the plaintiffs have standing and whether

Code § 17.1-293(H) is a prior restraint on speech under the First Amendment.

4. The Clerks' Eleventh Amendment appeal was first consolidated with Hade's Eleventh Amendment appeal (Doc. No. 3).

5. After the district court granted the Clerks' Motion to Certify two additional issues for appeal under § 1292(b), the Clerks timely filed a Petition for Permission to Appeal in this Court. Record No. 26-199, Doc. No. 2. This Court granted the Petition and transferred the case to the regular docket as Record No. 26-2043. Doc. No. 18.

6. On August 11, 2026, the Court entered an order consolidating the appeals (Doc. No. 37), and the same day entered a Briefing Order (Doc. No. 38). That order made the Joint Appendix and Appellants' Opening Brief/s due September 21, 2026.

7. Prior to September 21, 2026, the parties conferred and came to an agreement on the contents of the Joint Appendix.

8. On September 21, 2026, Appellants timely filed the Joint Appendix (Doc. Nos. 39-1, 39-2, and 39-3) and separate Opening Briefs. Doc. Nos. 40 and 41. Both Appellants cited the same Joint Appendix.

9. By mistake, Appellants failed to seek permission from this Court before filing separate briefs as required by the Briefing Order and Local Rule 28.

10. This appeal presents a unique situation and procedural posture that justify the filing of separate briefs. For one, the common issue between Appellants—whether they are entitled to Eleventh Amendment immunity—presents different analyses. This is because Eleventh Amendment immunity and the *Ex Parte Young* exception contemplate the different positions held by the Clerks and Hade, respectively, in relation to the statute at issue.

11. But more importantly, only the Clerks are properly before this Court pursuant to the § 1292(b) appeal. That is, only the Clerks are in a procedural posture to present any argument about standing or whether the statute is a prior restraint on speech. Because only the Clerks filed a Motion to Certify in the district court, and only the Clerks filed a Petition for Permission to Appeal, it is only the Clerks who are permitted to brief those issues here.

12. In sum, differences in both the substance of the issues being briefed and the procedural posture of the Appellants before this Court justify the parties filing separate Opening Briefs.

13. Appellants, therefore, request permission to file separate briefs and to deem the already-filed Opening Briefs to be compliant and timely filed.

14. Appellees' counsel indicated that they "take no position on [this] motion provided Appellants agree to submit a single consolidated reply brief."

For these reasons, the Court should grant the Joint Motion to File Separate Opening Briefs.

/s/ John P. O'Herron
William D. Prince IV (VSB No. 77209)
John P. O'Herron (VSB No. 79357)
Peter S. Askin (VSB No. 93371)
*Thompson*McMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, Virginia 23219
Telephone: (804) 649-7545
Facsimile: (804) 780-1813
wprince@t-mlaw.com
joherron@t-mlaw.com
paskin@t-mlaw.com

*Counsel for Appellees Edward Jewett, Brenda Hamilton, and Kelly Flanagan*

/s/Erin R. McNeill
Erin R. McNeill (VSB# 78816)
Senior Assistant Attorneys General
John D. Gilbody
Senior Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone (ERM): (804) 692-0598
Facsimile (ERM): (804) 371-0200
EMcneill@oag.state.va.us

*Counsel for Appellee Hade*

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on September 22, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

I also certify that this Motion complies with Federal Rules of Appellate Procedure 27 and 32 because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14pt Century Schoolbook, and because it contains less than 5200 words.

/s/ John P. O'Herron
John P. O'Herron (VSB No. 79357)